**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                                                  :
                                                                                           :   Chapter 11
EMC HOTELS AND RESORTS, LLC,                              :
                                                                                           :   Case No. 18-22932 (RDD)
                                                        Debtor.         :
----------------------------------------------------------------x

**STIPULATION REGARDING CONTINUED USE AND OPERATION OF**
**FOOD SERVICES AT DEBTOR'S HOTEL**

This is a stipulation (the "Stipulation") between Fred Stevens (the "Trustee") as Chapter 11 Trustee of EMC Hotels and Resorts, LLC, the above-captioned debtor (the "Debtor") and BV Grill Nyack, LLC ("BV Grill," and collectively with the Trustee, the "Parties," each a "Party"). In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

**RECITALS**

**WHEREAS**, on or around December 22, 2015, the Debtor and BV Grill purportedly entered into a lease agreement (the "Lease") pursuant to which, among other things, BV Grill leased from the Debtor the restaurants and bars at the Debtor's hotel at 400 High Avenue, Nyack, NY 10960 (the "Hotel") to, essentially, operate the restaurant and produce and sell all food and beverage services throughout the Hotel; and

**WHEREAS**, On June 18, 2018 (the "Petition Date"), Evolve Controls, CJB Asset Management Group LLC, and Consolidated Companies Inc. d/b/a Best Landscape (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against the Debtor in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, by orders dated July 20, 2018, the Bankruptcy Court: (i) converted the Debtor's case from an involuntary chapter 7 case to a voluntary chapter 11 case upon the Debtor's motion [Docket No. 31]; and (ii) directed the United States Trustee to appoint a chapter 11 trustee upon the Petitioning Creditors' motion [Docket No. 30]; and

**WHEREAS**, on July 25, 2018, the United States Trustee appointed the Trustee [Docket No. 32], and the Court entered an order approving the Trustee's appointment [Docket No. 34]; and

**WHEREAS**, the Parties have identified a number of potential issues between them including, but not necessarily limited to: (i) whether BV Grill is not separately owned but a subsidiary of the Debtor; (ii) the validity and enforceability of the Lease; (iii) Trustee's right to assume or reject the Lease even if valid; (iv) the flow of funds between the Debtor and BV Grill by prior management and whether BV Grill owes money to the Debtor or the Debtor owes money to BV Grill; (v) the sharing of expenses between the Debtor and BV Grill and whether either party owes the other money based upon expenses paid by one for the benefit of the other; and (vi) whether BV Grill was provided everything it was supposed to be provided under the Lease if valid (the "Outstanding Issues"); and

**WHEREAS**, the Parties wish to resolve solely the issue of BV Grill's ongoing use of the Debtor's premises and facilities pursuant to the Lease notwithstanding the Outstanding Issues and questions raised regarding the validity and enforceability of the Lease, without resolving and while fully reserving all rights with respect to the Outstanding Issues except as set forth herein, according to the terms set forth herein;

## **AGREEMENT**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. <u>Recitals Incorporated.</u>  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2. <u>Approval of Stipulation</u>.  The effectiveness of this Stipulation is expressly conditioned upon the Bankruptcy Court's entry of an Order approving this Stipulation (an "<u>Approval Order</u>").  Notwithstanding the requirement of an Approval Order, the Parties shall perform under this Stipulation upon execution of same prior to the entry of the Approval Order with an understanding that any transactions may be subject to reversal in the event that the Bankruptcy Court declines to enter an Approval Order.

3. <u>Amounts Due From Debtor to BV Grill For Food and Beverage Related Room Charges and Breakfast</u>.  The Debtor is liable to BV Grill for (i) food and beverages furnished by BV Grill to guests of the Hotel that are charged to the guest' rooms, less all credit card and administrative fees, discounts, chargebacks and other bad debt ("<u>Food and Beverage Room Charges</u>"); (ii) Hotel guest breakfast service at the current rate per booked guest room ("<u>Breakfast Services</u>"); and (iii) voucher reimbursement for vouchers given by the Debtor to guests or others for food and beverages from BV Grill (the "<u>Vouchers</u>") (Food and Beverage Room Charges, Breakfast Services and Vouchers are collectively, the "<u>BV Charges</u>"), that are incurred on and after July 20, 2018.  This is without prejudice to BV Grill's right to assert that the Debtor owes BV Charges incurred prior to July 20, 2018, which is one of the Outstanding Issues not resolved by this Stipulation as set forth above.

4. <u>Rent and Other Charges Due to Trustee</u>. BV Grill is liable to the Debtor for monthly rent accruing on and after July 20, 2018 at the monthly rate of $30,000. BV Grill shall also be liable for $5,000 per month on account of utilities apportioned to BV Grill. The $35,000 due from BV Grill each month is referred to as the "<u>Monthly Rent Charges</u>." The Monthly Rent Charges shall be prorated for the month of July and any other partial month to the extent that this Stipulation is terminated in the middle of any month. This is without prejudice to the Trustee's right to assert that BV Grill owes rent incurred prior to July 20, 2018, which is one of the Outstanding Issues not resolved by this Stipulation as set forth above.

5. <u>Monthly True-Up</u>. Within five (5) business days following the end of any month or earlier termination date, BV Grill will send written statements of the BV Charges to the Trustee. Assuming no timely Dispute (as defined below) is made to the BV Charges, the BV Charges shall be set off against the Monthly Rent Charges (the "<u>Monthly Setoff</u>"). In the event that the BV Charges exceed the Monthly Rent Charges amount, the Trustee shall promptly pay the difference to BV Grill following the Monthly Setoff. In the event that the BV Charges are less than the Monthly Rent Charges amount (*i.e.*, less than $35,000 or any prorated amount), BV Grill shall promptly pay the difference to the Trustee after the Monthly Setoff. Prior to the Monthly Setoff, the Trustee may pay BV Charges in the event that the BV Charges exceed the Monthly Rent Charges. Any obligation by either party to make a payment in addition to the Monthly Setoff shall be referred to as a "<u>True-Up Payment</u>"). By way of example, the BV Charges for the prorated month of July 2018 are $21,519.28.[1] This amount is more than the Monthly Rent Charges of $12,419.35 (the $35,000 Monthly Rent Charges pro-rated to the 11 days in July that fall under this Stipulation). Accordingly, upon execution of this Stipulation by the Parties, the Trustee shall

---

[1] The BV Charges did not adjust downward for credit card processing fees or chargebacks, and have not adjusted upward for any Vouchers. The Parties will endeavor to reconcile these adjustments in a future True-Up.

promptly pay to BV Grill $7,599.93, the difference of $9,099.93 less $1,500.00 paid directly to D.J. Bakery Products, Inc. for pastries delivered to BV Grill.  Once the BV Charges exceed the Monthly Rent Amount for August 2018, or any future monthly period, the Trustee shall endeavor to promptly pay the BV Charges to BV Grill.

6.     Term of Stipulation.  Provided an Approval Order is entered, this Stipulation shall be effective from July 20, 2018, to the earlier of (i) January 31, 2019, (ii) the sale of the Hotel, (iii) either party's failure to make a True-Up Payment within ten (10) business days of the end of any monthly period, which is the last day in any month or the day in which this Stipulation is terminated under its terms (the "Month End"), (iv) a plan is confirmed in the case, (v) the Trustee is no longer the trustee, or (vi) the Lease is deemed invalid or is rejected by Order of this Court.  Either Party may, but is not required to, waive any default under this Stipulation.

7.     Insurance and Reporting.  During the term of this Stipulation, the Parties will continue to perform under the Lease except as specifically modified herein, including the obligation of BV Grill to maintain insurance and require its subcontractors to maintain insurance and to allow the Debtor and its operator to monitor the finances and obligations of BV Grill.  BV Grill shall promptly provide to the Trustee proof of insurance.  BV Grill, Debtor's manager and the Trustee and his professionals will mutually cooperate in order to ensure compliance with the terms of this stipulation, including without limitation BV Grill's providing access to its books and records.

8.     BV Grill Cash Management Systems.  BV Grill agrees that during the term of this Stipulation: (i) it will require with its financial institutions that any expenditures to any individual or entity of greater than $5,000 in any given month will require the express signature and approval of Joseph Smith and either Howard Dean or Kerry Wellington; and (ii) BV Grill will not make any

distributions of money or property to its members.

9. <u>No Access to Rooftop</u>.  During the term of this Stipulation, neither BV Grill nor any of its members, employees or representatives shall have access to the Rooftop of the Hotel without the express permission of the Trustee.

10. <u>No Right to Seek Additional Rent Under the Lease for the Term of the Stipulation</u>. Without waiver of any claim that the Lease is invalid, the rent required to be paid under the Lease shall be deemed modified as set forth herein for the term of this Stipulation.

11. <u>Preservation of All Outstanding Issues</u>.  All Outstanding Issues are strictly reserved and the Parties expressly reserve the right to pursue any Outstanding Issues by demand or in any forum of competent jurisdiction notwithstanding performance under the terms of this Stipulation.

12. <u>Dispute to BV Charges or True-Up Payments</u>.  If either party wishes to dispute any BV Charges or True-Up Payments (a "<u>Dispute</u>"), it must communicate such Dispute in writing by e-mail to the undersigned counsel of record for the other party within ten (10) business days after the relevant Month End or the receipt of the statement of BV Charges for the applicable month from BV Grill (a "<u>Dispute Notice</u>").  If a timely Dispute Notice is not sent, the BV Charges or True-Up Payment as the case may be will be deemed valid.  Upon receipt of any Dispute Notice, both parties will endeavor in good faith to resolve the Dispute.  If a Dispute cannot be resolved, either Party may submit it to the Bankruptcy Court for determination.

13. <u>Choice of Law and Jurisdiction.</u>  This Stipulation shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable Federal law.  The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Stipulation, and any claims or actions based upon this Stipulation, by and under the exclusive jurisdiction of the Bankruptcy Court.

14. <u>No Waiver.</u>  No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

15. <u>Severability.</u>  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

16. <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs.

17. <u>Counterparts.</u>  This Stipulation may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation, to produce or account for more than one (1) counterpart.

18. <u>Signatures By Fax or Scan.</u>  A facsimile or scan (by PDF or other format) evidencing signature on this Stipulation shall be deemed to be an original signature for all purposes.  In the event that suit or a proceeding is brought to enforce the terms of this Stipulation, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation bearing original signatures of the Parties, other than signatures by facsimile or scan as permitted hereunder.

the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation bearing original signatures of the Parties, other than signatures by facsimile or scan as permitted hereunder.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

Dated: New York, New York
August 20, 2018

By: *Fred Stevens*
Fred Stevens, as Chapter 11 Trustee

Dated: New York, New York
August 20, 2018

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: *Fred Stevens*
Tracy L. Klestadt
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: tklestadt@klestadt.com

*Counsel to the Chapter 11 Trustee*

Dated: Nyack, New York
August 18, 2018

BV GRILL NYACK, LLC

By: *Kerry Wellington*
Name: Kerry Wellington
Title: Owner

Dated: New York, New York
August 18, 2018

McGUIRE WOODS LLP

By: *Shawn R. Fox*
Shawn R. Fox
1251 Avenue of the Americas
20th Floor
New York, New York 10020-1104
Tel: (212) 548-2165
Fax: (212) 548-2150
Email: sfox@mcguirewoods.com

*Counsel to BV Grill Nyack, LLC*

8